UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK E. STEIGHORST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:06CV428 HEA |
| | ) |
| MICHAEL R. JEVNE, | ) |
| CONSTRUCTION PRODUCT | ) |
| SALES, INC., and | ) |
| HARTFORD CASUALTY | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand [#10] and Defendant Construction Product Sales, Inc.'s Motion for an Evidentiary Hearing on Plaintiff's Motion to Remand [#18]. Only Defendant Construction Product Sales, Inc. ("CPS") has responded to Plaintiff's motion, and Plaintiff has failed to respond to CPS's motion for a hearing. For the reasons set forth below, Plaintiff's motion is granted and Defendant CPS's motion is denied.

**Facts and Background**

Plaintiff, Mark Steighorst, a resident of the State of Missouri, originally brought this action against Michael Jevne, a resident of the State of Illinois, in the Circuit Court

of the City of St. Louis, Missouri in September, 2004. Plaintiff alleged he sustained injuries when a motor vehicle driven by Defendant Jevne struck him as he was working as a construction worker on the side of Zumbehl Road, in St. Charles, Missouri.

In July, 2005, Plaintiff amended his state court Petition to add Defendants CPS, an Illinois corporation, and Hartford Insurance Company ("Hartford"), a Connecticut corporation. On February 16, 2006, Plaintiff was granted leave to file a Second Amended Petition based on Plaintiff's continuing medical treatment and the resulting increase in his damages, which was estimated to exceed $75,000. With the consent of Defendants Jevne and Hartford, Defendant CPS removed the matter to this Court in March, 2006 pursuant to 28 U.S.C. §§ 1441 and 1446, and claimed this Court had original jurisdiction based on the parties' diversity of citizenship under 28 U.S.C. 1332.

Plaintiff now moves for remand arguing the removal contains an incurable defect under 28 U.S.C. § 1446(b), which provides that any action on file for more than one year may not be removed on the basis of jurisdiction conferred by Section 1332. Defendant CPS opposes the motion, arguing that (1) less than one year had expired from the time Plaintiff added CPS to the time it filed the Notice of Removal and (2) Plaintiff's amended pleadings should not "relate back" to the original pleading.

## Discussion

**Removal Under Section 1446(b)**

Plaintiff argues for remand pursuant to 28 U.S.C. § 1446(b). Section 1446(b) provides in relevant part as follows:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, ***except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.***

28 U.S.C. § 1446(b) (emphasis added).

This cause of action was not initially removable, since the amount of damages claimed by Plaintiff did not exceed $75,000. *See* 28 U.S.C. § 1332 (amount in controversy must exceed $75,000 in civil actions between citizens of different states). Upon the filing of Plaintiff's Second Amended Petition in February, 2006, wherein Plaintiff amended his claim for damages to exceed $75,000 based on his continuing medical treatment and lost wages, CPS determined the case to be removable. Yet, an examination of the plain language of the statute reveals that a case may not be removable on the basis of diversity jurisdiction "more than [one] year after commencement of the action." Defendant would have this Court interpret "commencement of the action" to mean different commencement dates for the different defendants (i.e., commencement of the action against Defendant Jevne occurred in September, 2004, while commencement of the action against Defendants CPS and

Hartford occurred in July, 2005). This interpretation is wholly incorrect. The phrase "commencement of the action" means plainly and simply what it says and refers to the date on which the action originally commenced. *See Lytle v. Lytle,* 982 F. Supp. 671 (E.D. Mo. 1997) ("The language of § 1446 is unambiguous; it plainly prohibits removal on diversity grounds of a case that was commenced in state court more than a year prior to its removal.") (*citing Caterpillar Inc. v. Lewis,* 519 U.S. 61, 69 (1996); *In re Burns & Wilcox, Ltd.,* 54 F.3d 475, 476 n.4 (8th Cir. 1995)). This action commenced in state court in September, 2004, and Defendant's removal occurred in March, 2006, more than one year after commencement of the action. Therefore, removal is unavailable to Defendants and Plaintiff is entitled to remand.

**Relation Back Doctrine**

Defendant CPS next argues that Plaintiff's amended pleadings should not "relate back" to the original pleading. Rule 15(c) of the Federal Rules of Civil Procedure governs the relation back doctrine and provides, in pertinent part: [1]

> **(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when

---

[1]The issue of relation back is one of procedure and is governed by Rule 15(c) of the Federal Rules of Civil Procedure. *Crowder v. Gordons Transports, Inc.,* 387 F.2d 413, 416 (8th Cir. 1967), *rev'd on other grounds,* 419 F.2d 480 (8th Cir. 1969). The parties discuss Rule 15(c) and Missouri Rule 55.33(c) interchangeably with regard to the relation back doctrine. The Court recognizes that Missouri Rule 55.33(c), which governs the application of the relation back doctrine under Missouri law, is derived from Rule 15(c) and embodies Rule 15(c)'s rationale. *See Plubell v. Merck & Co., Inc.,* 434 F.3d 1070, 1072 (8th Cir. 2006).

4

>           *       *       *       *       *       *       *       *
>
>    (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, *or*
>
>    (3) the amendment *changes the party* or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, *but for a mistake concerning the identity of the proper party*, the action would have been brought against the party.

FED. R. CIV. P. 15(c) (emphasis added).

Defendant CPS argues it would be prejudiced by the Court relating back Plaintiff's Second Amended Petition to the original Petition, because there is no evidence that it knew or should have known, but for a mistake concerning the identity of the proper party, that the action would have been brought against it. Defendant's contention is without merit.

In this case, the claim asserted in both Plaintiff's First and Second Amended Petitions arose out of the conduct, transaction or occurrence set forth in the original pleading, thus under Rule 15(c), the amended pleadings relate back to the original petition. FED. R. CIV. P. 15(c). Furthermore, the amended pleadings did not *change the party* against whom the claim was asserted. Plaintiff's First Amended Petition, did not change the defendant, rather, it *added* Defendants CPS and Hartford to the already

5

commenced cause of action. The Second Amended Petition merely changed the amount in controversy. Thus, it is not relevant whether Defendant had notice or knew or should have known that the action would be brought against it, because there has been no "mistake concerning the identity of the proper party." [2] Therefore, the amended pleadings relate back to the date of the original petition, and Defendant CPS's argument is unfounded. Plaintiff is entitled to remand.

## Conclusion

For the reasons set forth above, this cause of action will be remanded back to the Circuit Court in the City of St. Louis, Missouri pursuant to 28 U.S.C. § 1446(b). In addition, because the Court finds Section 1446(b) to be clear on its face, a hearing on the matter is not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, [#10], is granted;

**IT IS FURTHER ORDERED** that Defendant Construction Product Sales, Inc.'s Motion for an Evidentiary Hearing on Plaintiff's Motion to Remand [#18] is denied;

---

[2]In any event, Defendant CPS cannot claim it didn't have notice of the action when it received Plaintiff's Second Amended Complaint in February, 2006, because it was added as a defendant in July, 2005. Likewise, CPS knew or should or should have known that in any amended pleadings filed after July, 2005, it would be named as a defendant.

**IT IS FURTHER ORDERED** that this cause of action be remanded to Circuit Court in the City of St. Louis, Missouri.

Dated this 7th day of April, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE